UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREJE ASRAT DEGFU,

          Petitioner,

v.

JASON BENNETT,

          Respondent.

Case No. 2:24-cv-01275-JNW-TLF

ORDER TO SHOW CAUSE

Petitioner Dereje Asrat Degfu is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in King County Superior Court. Dkt. 3-1 at 1, 11. Petitioner presents to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting that his King Superior Court sentence is invalid because former RCW 9.94A.507 is unconstitutional on its face and violates his Sixth Amendment right to a jury trial. *Id*. at 6. He seeks to have this Court review whether state law violates federal law and to "issue an unconditional writ releasing [him] from custody." *Id*. at 7; *see also*, Memorandum, Dkt. 3-1 at 9-10.

Petitioner cites *Castro v. United States*, 540 U.S. 375 (2003) and objects to having this Court review his case under 28 U.S.C. § 2254. Dkt. 3-1 at 9-10. The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*,

ORDER TO SHOW CAUSE - 1

603 F.3d 546 (9th Cir. 2010) (en banc). The *Castro* holding, cited by petitioner, does not apply in this situation because it was related to 28 U.S.C. § 2255 and whether the federal district court improperly applied the successive petition rule. Under *White v. Lambert*, the petition for writ of habeas corpus in this case is properly reviewed under § 2254. *Id.*; *see Dominguez v. Kernan,* 906 F.3d 1127, 1134-1137 (9th Cir. 2018) (discussing the difference between cases properly brought under 28 U.S.C. § 2241 as opposed to those properly brought under § 2254).

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite opportunity to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review. Dkt. 3-1 at 6-7. Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review. Accordingly, the Court hereby ORDERS as follows:

(1)   Petitioner shall SHOW CAUSE, by **October 25, 2024**, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to

ORDER TO SHOW CAUSE - 2

timely respond to this Order will result in a recommendation that this action be dismissed.

  (2) The Clerk is directed to NOTE this matter on the Court's motion calendar for **October 25, 2024**, for review of petitioner's response to this Order to Show Cause.

  (3) The Clerk is directed to RE-NOTE the motion to proceed *in forma pauperis* (Dkt. 3) to **October 25, 2024**.

  (4) The Clerk is directed to send copies of this Order to petitioner.

Dated this 25th day of September, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3